IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN AUGUSTINE,

        Plaintiff,                   No. CIV S-03-0990 GEB KJM P

  vs.

JEFF NEVES, et al,

        Defendants.           FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendants Neves, Harris-White and Steber have filed motions to dismiss arguing that the action is barred by collateral estoppel, claim preclusion, and issue preclusion. Fed. R. Civ. P. 12(b)(6).

A.  Standards For A Motion To Dismiss

       In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question. See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Moveover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss

1

for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

Generally the court evaluates the complaint and its attachments, if any, in ruling on a motion to dismiss. However, a court may rely on matters properly subject to judicial notice. Fed. R. Evid. 201(b) ("a judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001) (court may take judicial notice of the existence of another court's opinion, which is not subject to reasonable dispute over its authenticity); <u>MGIC Indemnity Corporation v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986) (judicial notice of motion to dismiss in another case).

B. <u>The Federal And State Actions</u>

In his amended complaint filed June 3, 2004, plaintiff alleges he sustained multiple injuries in an accident in June 2002 and was released from the emergency room to the El Dorado County jail with various doctors' orders for treatment. Amended Complaint (Am. Compl.) ¶¶ 8, 10; Declaration of Kevin Augustine, Fact Exhibit 40 (Augustine Decl. 1)[1] ¶¶ 7, 11. Defendants Harris-White, a nurse, and Steber, a doctor, allegedly routinely ignored these orders, plaintiff's many complaints of pain, and later recommendations from an outside specialist. See, e.g., Am. Compl. ¶¶ 14, 18, 29, 34-35; Augustine Decl. 1 ¶¶ 12, 15. Finally, plaintiff filed a state habeas action concerning his medical treatment and counsel was appointed. Am. Compl. ¶ 36.

/////

---

[1] Plaintiff's declarations are attached to the amended complaint.

In addition, plaintiff alleges he broke his already injured hand playing basketball but did not receive appropriate treatment. Am. Compl. ¶¶ 42, 49; Declaration of Kevin Augustine, Fact Exhibit 48 (Augustine Decl. 2) at 1:24-28, 3:16-28, 4:1-13.

The court takes judicial notice of the existence of the pleadings and order in In Re Kevin Augustine, El Dorado County Superior Court PC 20030402, submitted by the moving parties.[2] Fed. R. Evid. 201(b); Lee, 250 F.3d at 690. Exhibit A is plaintiff's pro per state habeas petition, filed July 18, 2003, which identifies the subject matter of the petition as "lack of decent medical care," specifically for injuries sustained in the June 24, 2002 accident and the new injury to his previously broken hand. Mot. to Dismiss (MTD), Ex. A at 2, 3, 6. Exhibit B is El Dorado County's informal response to the petition, while Exhibit C is the supporting declaration from defendant Harris-White. Id., Exs. B, C. Counsel was appointed for petitioner, who filed a traverse to the informal response. Id., Ex. D. Counsel noted that petitioner sought "appropriate orders . . . to remedy a federal constitutional violation." Id., Ex. D at 9.

On January 23, 2004, the Honorable Douglas C. Phimister, Judge of the El Dorado County Superior Court, issued a ruling. He concluded, in part:

> A review of the informal response filed September 3, 2003, and in particular the Declaration of Charlotte Harris-White, establishes that the jail provided medical treatment which included diagnosis, prognosis, and treatment. The Petitioner was evaluated by Marshall Hospital, the jail medical personnel, Dr. Steber, a general practitioner, and Dr. Molitar, a board certified orthopedic surgeon. The Petitioner has had more than thirty (30) medical visits and has received continuing treatment.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> Petitioner claims that his treatment is not complete and a further evaluation would be appropriate, yet he has interfered with the suggested courses of treatment. There is little doubt that the Petitioner has received significant medical attention and treatment. Petitioner seeks habeas corpus relief based upon inadequate

---

[2] The moving parties have submitted identical exhibits, identically labeled, in support of their motions to dismiss. The court here refers to them collectively as "Motion to Dismiss, Ex. A," for example.

> medical treatment. Based upon the record before this Court, the Court finds that the offered treatment was and is appropriate. It is the Court's obligation to decide if the prisoner is receiving carefully chosen therapy supported by a respectable professional opinion, within a range of appropriate treatment alternatives. The question is not whether the prisoner is receiving the best possible treatment in the best possible hospital. . . . .
>
> While habeas corpus relief is available to a prisoner because of cruel or inhumane treatment, the appropriate showing is required.
>
> At best, the Petitioner has raised Dr. Molitar [sic] concerns about some good physical therapy. Further, the doctor states that he might even consider some cervical traction. Such a consideration by the specialist falls far short of a course of necessary treatment, but is simply one of several possibilities.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> The Petitioner claims a right-hand injury and/or fracture and that condition was not diagnosed initially in June 2002. According to jail records, that condition a "boxer fracture" occurred approximately one year after his incarceration and he was treated and x-rayed within one day after the incident that gave rise to his injury with follow up treatment. No evidence supports the Petitioner's claim as to non-treatment of that injury.

Id., Ex. E at 1-4 (internal citations omitted).

C. <u>Analysis</u>

> A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies. Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to that prior litigation.

<u>Montana v. United States</u>, 440 U.S. 147, 153 (1979) (internal citations and quotations omitted).

The doctrines of collateral estoppel and res judicata apply in civil rights actions under 42 U.S.C. § 1983 when the constitutional claim is based on the same alleged act or omission that was the subject of a state court action, and when the state courts would give preclusive effect to its

judgment. Allen v. McCurry, 449 U.S. 90, 105 (1980); Migra v. Warren City School District Board, 465 U.S. 75, 81 (1984); Valley Wood Preserving, Inc. v. Paul, 785 F.2d 751, 753 (9th Cir. 1986). A judgment in a state habeas action may preclude further litigation of issues in a federal civil rights action. Sperl v. Deukmejian, 642 F.2d 1154, 1155 (9th Cir. 1981); Silverton v. Department Of The Treasury, 644 F.2d 1341, 1346-47 (9th Cir. 1981); see also Harris v. Jacobs, 621 F.2d 341, 343-44 (9th Cir. 1980) (state habeas determination that the prison had provided constitutionally adequate medical care barred his § 1983 action on the same ground, but did not preclude his Fourteenth Amendment claim of entitlement to consult outside doctor).

> In California,
>
> collateral estoppel has been found to bar relitigation of an issue decided at a previous proceeding if (1) the issue necessarily decided at the previous [proceeding] is identical to the one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the prior [proceeding].

People v. Sims, 32 Cal.3d 468, 484 (1982) (internal quotation omitted); see also Maldonado v. Harris, 370 F.3d 945, 952 (9th Cir. 2004) (discussing California's "primary rights" doctrine of claim preclusion).

In this case, there is no dispute that plaintiff, the party against whom estoppel is asserted, was a party to the state habeas action he filed.

There also is little dispute over the identity of the issues. The issue raised in plaintiff's state habeas petition was the adequacy of the medical care afforded to him by the El Dorado County Jail medical staff, a claim evaluated with an eye toward federal constitutional standards. Cf. In re Coca, 85 Cal.App.3d 493, 501-02 (1978) (relying on Estelle v. Gamble, 429 U.S. 97 (1976) in evaluating a habeas claim predicated on inadequate medical care). The issue raised in the instant action is whether the medical care afforded plaintiff by the El Dorado County Jail medical staff and their ultimate supervisor, the sheriff of El Dorado County, rose to the level of "deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. In the state

action, the Superior Court addressed the adequacy of plaintiff's medical care, both for the aftermath of the accident and the later fractured hand, and found it to have been appropriate. MTD, Ex. E at 2-3. Accordingly, the issue raised here was "actually litigated" in the state habeas because it was "*properly raised*, by the pleadings or otherwise, and [was] submitted for determination, and [was] *determined*. . . . A determination may be based on a *failure of proof*. . . ." Sims, 32 Cal.3d at 484 (emphases in original; internal quotations, citations omitted).

Plaintiff argues, however, that the state action is not final because he was not aware until recently that the Superior Court had acted. Plaintiff recognizes he cannot appeal from the denial of a habeas, but suggests he could file a renewed habeas petition in a higher court. Opp'n at 11-12. Nevertheless, under California law, the state habeas adjudication was a final judgment on the merits, as explained below.

In Younan v. Caruso, 51 Cal.App.4th 401 (1996), Younan had filed a previous state habeas petition in the Superior Court, alleging ineffective assistance of counsel. The petition was denied after an evidentiary hearing, but Younan did not file further habeas actions. Instead, he filed a malpractice action against the attorney whose actions and omissions he had challenged in the habeas action. He argued that collateral estoppel did not bar the malpractice claim because the Superior Court determination was not a final judgment on the merits.

In resolving the question, the state Court of Appeal relied on In Re Clark, 5 Cal.4th 750 (1993):

> In the case of issues raised and determined in prior habeas proceedings, "'It is the policy of this court to deny an application for habeas corpus which is based upon grounds urged in a prior petition which has been denied, where there is shown no change in the facts or the law substantially affecting the rights of the petitioner. [Citations]. . .'"

Younan, 51 Cal.App.4th at 411. The appellate court concluded that any further petitions Younan might pursue would be summarily denied under the Clark policy, rendering the Superior Court determination "for all intents and purposes, final as to the facts adjudicated." Id. In this case, as

well, the Superior Court determination was final for the purposes of collateral estoppel.

Accordingly, because California would give the Superior Court's habeas determination preclusive effect, plaintiff's civil rights action based on the denial of medical care is similarly barred.

IT IS HEREBY RECOMMENDED that defendant Neves' motion to dismiss filed December 20, 2004, and defendants Steber and Harris-White's motion to dismiss, filed December 22, 2004, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within five days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   August 23, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2/augu1990.57